## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

```
-------------------------------------------------------------X
                                                    :
MALIBU MEDIA, LLC,                                  :
                                                    :        Civil Action No. 2:13-cv-06252-GP
                        Plaintiff,                  :
                                                    :
            vs.                                     :
                                                    :
ERIC SIEGEL,                                        :
                                                    :
                        Defendant.                  :
                                                    :
-------------------------------------------------------------X
```

### REPORT OF RULE 26(f) MEETING

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on March 19, 2014 and submit the following report of their meeting for the court's consideration:

1.  ### DISCUSSION OF CLAIMS, DEFENSES AND RELEVANT ISSUES

    **You should assume that the court has read the complaint and is familiar with the claims. However, the facts supporting those claims and defenses are unknown. Therefore, counsel shall set forth concisely the factual background that the parties contend support their claims and defenses. Summarize your discussion of primary issues, threshold issues and those issues on which the parties will need to conduct discovery. Identify what information each party needs in discovery as well as when and why. Also indicate likely motions and their timing.**

    a.      **Concise Factual Background**

**Plaintiff**: Plaintiff's investigator, IPP International, U.G., recorded Defendant's IP address, 98.114.72.128, illegally distributing Plaintiff's and other studios' works, as set forth on Exhibits A and B to Plaintiff's Amended Complaint [CM/ECF 6].  This evidence supports

Plaintiff's claim that Defendants directly infringed Plaintiff's copyrights in violation of 17 U.S.C. §§ 106 & 501.

**Defendant**: Defendant denies any infringement of Plaintiff's alleged copyrights or any other wrongdoing.  Defendant has never downloaded or distributed the works set out in Exhibits A and B to Plaintiff's Amended Complaint and has never even used the BitTorrent software Plaintiff alleges was used.  In addition, Defendant was traveling out of state on at least some of the dates Plaintiff alleges the infringement took place.

      **b.**    **Summarize your discussion of primary issues, threshold issues and those issues on which the parties will need to conduct discovery.**

**Plaintiff:** Plaintiff knows that the infringement occurred via the use of Defendant's internet service.  Therefore, from Plaintiff's perspective, the primary issue is whether Defendant used his or her internet service to infringe Plaintiff's copyrights, or whether someone other than Defendant use Defendant's internet service to infringe Plaintiff's copyrights.

**Defendant:**  As a threshold issue, Defendant will seek discovery to confirm whether Plaintiff holds valid copyrights as alleged.

To prevail here, Plaintiff must prove that Defendant actually distributed Plaintiff's copyrighted works.  To help Plaintiff realize that Defendant is not the right target for his suit, Defendant has already repeatedly offered to make his computers available for forensic inspection and his receipts documenting his out of town travel available to Plaintiff.  Defendant has also disclosed that he has a tenant who has access to the home's internet service and has given Plaintiff's counsel the tenant's name and contact information.

      **c.**    **Issues about which the parties need to conduct discovery**

**Plaintiff:**  The primary issue about which discovery will be needed is who was using Defendant's internet service to infringe Plaintiff's internet.  To prove that it was Defendant,

instead of someone else, Plaintiff intends to depose every person who could have used Defendant's internet service.  Through this process of elimination and the presumption that the person who subscribed and paid for internet service actually used it, Plaintiff will prove that Defendant is liable.  Further, Plaintiff intends to seek additional information from third parties which will shed light on this issue.

**Defendant:** Defendant will seek discovery to confirm the validity of Plaintiff's claimed copyrights and the methodology employed by Plaintiff's putative investigators and experts.  In addition, Defendant will seek discovery from his tenant to determine whether this individual may have downloaded or distributed the works listed in Exhibits A and B of Plaintiff's Amended Complaint.

Defendant notes that Plaintiff's expressed discovery plan, to question all of Defendant's neighbors and visitors regarding allegations that Defendant illegally downloaded pornographic videos merely as part of a "process of elimination," runs a high risk of being publicly harassing and unduly pressuring Defendant into settling a salacious claim without regard for the merits of that claim.

### d.  Timing of Discovery

**Plaintiff:**  Plaintiff expects the discovery in this case will take 4-6 months, assuming the Court quickly rules on discovery motions.

**Defendant:**  Defendant expects discovery in this case can be completed in 3-4 months assuming Plaintiff's fact and expert witnesses cooperate with discovery requests.

(i)     Quantum and Timing of Depositions

**Plaintiff:** expects to take between ten and fifteen depositions in this case, including:

(A)     Defendant's deposition; [**Timing:**   No sooner than three weeks after Plaintiff receives Defendant's responses to its paper discovery; indeed, Plaintiff will need to analyze

Defendant's computers in advance of these depositions; a third party will do this analysis. Plaintiff will be subject to the schedule of the third party.]

(B)     Depositions of each of the people living in Defendant's residence; [**Timing:**  No sooner than three weeks after Plaintiff receives Defendant's responses to its paper discovery; indeed, Plaintiff will need to analyze Defendant's computers in advance of these depositions; a third party will do this analysis.  Plaintiff will be subject to the schedule of the third parties.]

(C)     Depositions of any other person who may have had access to Defendant's internet; [**Timing:**  No sooner than three weeks after Plaintiff receives Defendant's responses to its paper discovery; indeed, Plaintiff needs to review the responses to Defendant's discovery to ascertain the universe of deponents.  Then scheduling the depositions and issuing and serving subpoenas duces tecum for deposition must occur.]

(D)     Depositions of Defendant' internet service providers; [**Timing:**  The timing of this deposition is not yet clear.]

(E)     Possible Depositions of Defendant's neighbors; [**Timing:**  If Defendant's discovery responses indicate his wireless internet router was not secured by a password then Plaintiff will take the deposition of Defendant's neighbors.   The purpose of this discovery is to ask the neighbors if they have used Defendant's wireless internet, whether they have their own internet service, whether they use BitTorrent, among other things);

(F)     Depositions of search engines including Google, Bing, Ask Jeeves and Yahoo; [**Timing:**  The timing of this deposition is not yet clear.]

(G)     IPP, International, U.G. is a fact witness.  IPP, International's employees reside in Germany.  Plaintiff will speak with IPP, International for the purpose of assisting Defendant to coordinate a deposition via video conference, if Defendant desires.   [The timing of this deposition is not yet clear.]

(H)     Plaintiff has retained an expert to testify that IPP, International's software works as described and that it cannot be spoofed.  Defendant may want to depose this expert.  [The timing of this deposition is not yet clear.]

(I)     Plaintiff has retained an expert to testify regarding Defendants wireless router and its range.  Defendant may want to depose this expert. [The timing of this deposition is not yet clear.]

(J)     Defendant may retain a rebuttal expert.  If so, then Plaintiff will depose that rebuttal expert.  [The timing of this deposition is not yet clear.]

**Defendant:**  Defendant expects to take four or five depositions, including:

(A)     Plaintiff's deposition; [**Timing**: No sooner than three weeks after Defendant receives Plaintiff's responses to its paper discovery]

(B)     Tenant's deposition [**Timing**: Immediately after the tenant's computers are forensically analyzed by a third party.  Defendant will be subject to the schedule of the third party.]

(C)     Plaintiff's experts; [Timing: Plaintiff has indicated it has or will retain at least two experts.  Defendant will depose each expert after service of their respective report.]

(D)     IPP, International, U.G.; [**Timing**: No sooner than three weeks after Defendant receives Plaintiff's responses to its paper discovery]

2.     **Informal Disclosures**

   **State the parties' agreement on timing, form and scope of informal disclosures. Specifically identify not only the information listed in Rule 26(a)(1), but any additional information the parties agree to disclose informally.  Keep in mind that self-executing discovery must not be delayed until the pretrial conference. If the parties have not made the Rule 26(a) initial disclosures within the time required by the Court's Order scheduling the pretrial conference, they should explain why not.**

The parties agree that initial disclosures required by Rule 26(a)(1) shall be due ten (10) days after entry of the Scheduling Order.

**3.     Formal Discovery**

       **Indicate nature, sequence and timing of formal discovery, as well as any need to conduct discovery in phases to prepare for the filing of motions or for settlement discussions. Specifically delineate what discovery will be conducted formally.**

**Plaintiff:**  See Plaintiff's response to 1, above.

<u>**Defendant**</u>:   Defendant believes discovery should proceed in phases. First, because evidence connecting Defendant to the allegations in the Amended Complaint is necessary here, Plaintiff should examine Defendant's computers to determine whether Defendant's computers were used to share the allegedly copyrighted works via BitTorrent as set out in Plaintiffs' Amended Complaint. Insofar as Defendant expects the results of this examination will reveal that he is the wrong target for this suit, Defendant requests that the Court hold a settlement or case management conference after this first phase of discovery is completed and before Plaintiff is permitted to put Defendant to the expense or public embarrassment of any additional or far ranging discovery.

       **The discovery deadline should normally be no more than 120-150 days from the date of the Rule 16 pretrial conference. If the parties believe there are compelling reasons for a longer period of discovery, state them.**

**Plaintiff:**  Plaintiff thinks the discovery will last between 4-6 months.

<u>**Defendant**</u>:   Subject to the cooperation of Plaintiff's fact and expert witnesses, Defendant believes discovery in this case should last no more than 120 days.

       **The parties are required to address procedures to preserve electronically stored information, to avoid inadvertent privilege waivers, and to determine the form in which electronic information will be produced. The cost of producing the information must be discussed.**

**Plaintiff & Defendant:** The parties acknowledge that they are required to preserve relevant electronically stored information.  The parties do not have any suggestions for avoiding inadvertent privilege waivers.  Each party acknowledges that they have a duty to destroy any inadvertently disclosed privileged documents.

**Plaintiff's Note**:  Plaintiff requested complete copies of Defendant's hard drives. Plaintiff intends to send these hard drives to its expert for purposes of advising Plaintiff if: (a) Defendant's hard drives have or had a BitTorrent Client on them, (b) a copy of the infringed work, (c) software deletion programs, (d) a browsing history that demonstrates that the computer was used to visit Torrent sites or adult sites, (e) other things.

It is Plaintiff's position that Defendant is responsible for the cost of duplicating the hard drives.

**<u>Defendant</u>**: Defendant has already repeatedly offered to make his computers available for Plaintiff's forensic examination.  It is Defendant's position that each party should be responsible for the costs of their own forensic computer examination and any duplication or storage costs incurred in connection with that examination. In addition, while Defendant does not object to Plaintiff conducting an examination of his computers, Defendant does not believe his browsing history is relevant to Plaintiff's allegations here and also believes that the mere presence of a BitTorrent Client or software deletion program is not evidence in support of Plaintiff's allegations.

**4.      Discussion of Claims, Defenses and Relevant Issues**

> **It is expected that the parties will reach an agreement on how to conduct electronic discovery.  In the event the parties cannot reach such an agreement before the Rule 16 scheduling conference, the court will enter an order incorporation of default standards.   The default order can be viewed at www.paed.uscourts.gov.**

> **The parties shall discuss the parameters of their anticipated discovery at the Rule 26(f) conference and shall be prepared to address e-discovery at the Rule 16 scheduling conference with the Court.**

The parties anticipate that their claims or defenses will involve extensive electronically stored information, and that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

**5.      Expert Witness Disclosures**

> **Indicate agreement on timing and sequence of disclosure of the identity and anticipated testimony of expert witnesses, including whether depositions of experts will be needed.  The parties should expect that the court requires expert reports to**

**be exchanged simultaneously. If there are compelling reasons to stagger the production of expert reports, state them.**

Plaintiff anticipates revealing the identity of its experts witness within thirty (30) days. Plaintiff has retained two experts. Plaintiff's expert witness reports should be staggered because Plaintiff's experts will be unable to report on their findings until after the Defendant has responded to Plaintiff's discovery requests.

**Defendant**: Defendant agrees that expert disclosure and reports be staggered. Without access to Plaintiff's expert reports Defendant is without knowledge of the technologic basis for Plaintiff's claims and any defensive expert will be unable to fairly meet or test Plaintiff's allegations.

6. **Early Settlement or Resolution**

**The parties must familiarize themselves with Local Rule 53.3 before responding. Recite the parties' discussion about early resolution through ADR, motion or otherwise explain what steps were taken by counsel to advise the client of alternative dispute resolution options. Explain any decision not to seek early resolution and what mediation options the parties may consider and when mediation would be appropriate.**

Plaintiff does not believe that extrajudicial resolution mechanisms are necessary. However, Plaintiff believes that the parties would benefit from mediation. Plaintiff suggests that mediation occur after the close of discovery and dispositive motion deadline.

**Defendant**: Defendant believes the Court's assistance achieving an early resolution of this case will be very helpful. Defendant proposes that that Court conduct a settlement or case management conference as soon after Plaintiff examines Defendant's computers as is convenient for the Court. In addition, Defendant requests that the Court direct Plaintiff to expeditiously examine Defendant's computers as the result of this review is expected to conclusively demonstrate Defendant's total lack of liability. Defendant realizes such an aggressive schedule

will require his cooperation and he stands ready to answer appropriate paper discovery and make his computers available for Plaintiff's examination.

**7.     Trial**

**If a date certain is requested, state the reasons. Generally, if requested, a firm trial date will be scheduled. Please provide the estimated length of trial.   Please provide a statement whether all parties agree to a referral of this case to U.S. Magistrate Judge Carol Sandra Moore Wells for trial.**

The case should be ready for jury trial by June 2015 and at this time is expected to last approximately four days.

**Defendant**: Defendant believes this case should be ready for trial by January 2015 and at this time believes trial will take three or four days to complete.

**8.     Other Matters**

**Indicate discussion and any agreement on matters not addressed above.**

Dated: March 27, 2014

APPROVED:

/s/ *Christopher P. Fiore*
Christopher P. Fiore, Esquire
Aman M. Barber, III, Esquire
Fiore & Barber, LLC
418 Main Street
Harleysville, PA 19438
Tel: (215) 256-0205
Fax: (215) 256-9205
Email: cfiore@fiorebarber.com
*Attorney for Malibu Media, LLC*

/s/*Darth M. Newman*
Darth M. Newman, Esquire
ARCHER & GREINER, P.C.
One Centennial Square
Haddonfield, NJ 08033
Tel: (856) 673-3905
E-mail: dnewman@archerlaw.com
*Attorneys for Defendant*

10890688v1