UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------X
                                              :
MALIBU MEDIA, LLC,                            :
                                              :   Civil Action No. 2:13-cv-06252-GP
                        Plaintiff,            :
                                              :
            vs.                               :
                                              :
ERIC SIEGEL,                                  :
                                              :
                        Defendant.            :
                                              :
---------------------------------------------------------------X

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND DISCOVERY

Defendant, Eric Siegel, by and through his undersigned counsel, files this Memorandum in Opposition to Plaintiff's Motion for Enlargement of Time to Complete Discovery.

## BACKGROUND

Plaintiff, Malibu Media, LLC, has alleged that its investigator determined that an IP Address leased to Mr. Siegel was used to infringe various Malibu copyrights in August, September, and October of 2013. Mr. Siegel categorically denies these allegations and immediately offered to make his computers available for Malibu's inspection to verify his innocence, even before the start of formal discovery. Malibu's counsel refused an early examination of Mr. Siegel's computer(s) and argued at the initial conference with the Court that examination of Mr. Siegel's computers would not be useful until after Malibu completed paper discovery and a deposition of Mr. Siegel.[1] The Court held an initial conference with counsel on

---

[1] In its pending motion, Malibu takes the exact opposite position. Malibu now argues that without the hard drives it cannot meaningfully depose Mr. Siegel.

1

April 1, 2014 and directed counsel to confer and submit a draft agreed schedule by letter, which counsel did.  Thereafter, on April 25, 2014, the Court entered a Scheduling Order which set August 1, 2014 as the deadline for fact discovery.

On the final day of discovery, and contrary to Your Honor's published pretrial procedures, Malibu moved for an extension of discovery that would increase by half the original discovery period and require the extension of all other case deadlines.[2]  Mr. Siegel respectfully submits that, for the reasons detailed below, Plaintiff's dalliance presents insufficient grounds to so greatly extend discovery.

**ARGUMENT**

The Court's April 25, 2014 scheduling Order set forth a bifurcated discovery plan whereby Malibu was obligated to complete certain discovery, primarily focused on Mr. Siegel and his computer hard drives, before moving on to the expansive third party discovery initially sought by Malibu.  Malibu has failed to timely pursue even this first category of discovery.

In the several months since the initial conference, Malibu has only pursued document requests and interrogatories, to which Mr. Siegel provided timely responses.[3]  Malibu requested receipts, bank records, and credit card statements, together with unfettered access to Mr. Siegel's personal computers.  In connection with his production of documents, including his hard drives, Mr. Siegel requested that Malibu execute a protective order/confidentiality agreement.

Malibu provided a draft protective order on July 1 but that draft included three layers of protection and references to restrictions on the information in-house counsel could view.  On

---

[2] Granting Plaintiff's request would make the new discovery end date October 30, 2014 which is *after* the current deadline for dispositive motions and only two weeks before the deadline to mark and exchange trial exhibits.

[3] Malibu's first request for deposition dates came at 6:39pm on July 31, 2014, the evening before the fact discovery deadline.

2

July 3, I informed Malibu's counsel, Mr. Fiore, by email that this draft protective order was not appropriate for our case and requested that he provide a simpler alternative. On July 8, I sent Mr. Fiore a follow-up email again requesting an alternative proposed order. On July 14, Mr. Fiore finally sent an alternative protective order but this draft was both limited to the examination of Mr. Siegel's computers and purported to *expand* the materials Mr. Siegel had agreed to produce to include his tenant's personal property. The July 14 draft failed entirely to protect Mr. Siegel's confidential and personal information. Therefore, on July 17, I sent Mr. Fiore my own draft protective order by email. The draft I sent is a cut down version of a protective order I negotiated with a pair of Assistant United States Attorneys in a prior Eastern District of Pennsylvania matter. I included in my draft some of Malibu's earlier proposed language with respect to the details of the examination of Mr. Siegel's computers. Mr. Fiore did not respond to my July 17 email. I resent my draft order to him on August 1.[4] As of this writing, Malibu has not responded to my proposed protective order. Mr. Siegel remains ready to produce documents and hard drives as soon as the parties agree on the text of a draft protective order.

    Not only has Malibu been slow with respect to making discovery requests, it has also been sluggish to respond fully to Mr. Siegel's discovery requests. Mr. Siegel propounded requests for documents and, although it timely responded, Malibu interposed a number of frivolous objections and seemingly arbitrary limitations on the materials it would agree to produce.

---

[4] True and correct copies of this series of emails are attached hereto as Exhibit A. In the interest of not burdening the Court with unnecessary papers, the various draft protective orders exchanged by counsel have been omitted, but, if the Court should request, I will immediately provide them.

Malibu offered to produce some documents and counsel have traded correspondence about Malibu's objections and limitations, but, to date, the only documents Malibu has actually produced are copies of copyright registrations which are publicly available online. Malibu agreed to produce a limited portion of the electronic materials it intends to rely on to prove its case but has indicated that doing so will take an additional four weeks.[5]  Did Malibu not have this information when it filed suit?

Under these conditions, Mr. Siegel objects to any extension of discovery.  Malibu has not prosecuted its claims diligently even though Mr. Sigel has since the beginning of the case offered to make the determinative evidence – his computer hard drives – available for Malibu's inspection.  Mr. Siegel did not infringe Malibu's Copyrights.  He does not belong in this case. Malibu has not taken the steps which will absolve Mr. Siegel of liability, and now it wants to unnecessarily and unfairly prolong this case, much to the prejudice of Mr. Siegel.  Malibu should not be given that opportunity.

---

[5] In particular, Malibu agreed to produce a *subset* of the data it claims shows Malibu's investigator's alleged connection(s) to Mr. Siegel's IP address and the data allegedly downloaded from Mr. Siegel.  This data forms the basis of Malibu's case and Mr. Siegel and his expert(s) must have a fair opportunity to analyze all of it.

## CONCLUSION

For the foregoing reasons, Mr. Siegel respectfully requests that Plaintiff's Motion for an Enlargement of Time to Complete Discovery be denied.

                                            Respectfully Submitted,

                                            */s/ Darth M. Newman*
                                            Darth M. Newman
                                            dnewman@archerlaw.com
                                            ARCHER & GREINER, P.C.
                                            One Centennial Sq
                                            Haddonfield, NJ
                                            Tel: 856-354-3136
                                            *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 4, 2014, I served the foregoing Response in Opposition to Plaintiff's Motion for an Enlargement of Time to Complete Discovery, with exhibits, on all counsel of record via the Court's CM/ECF system.

                                            */s/ Darth M. Newman*
                                            Darth  M. Newman

11383991v1